Norton *v.* Hart.

*Norton *v.* Hart. [154

Plaintiff, in action for trespass on real .property, where the damages laid exceed one hundred dollars, entitled to costs, without regard to the amount recovered.

ACTION of trespass with force and arms, for breaking and entering plaintiff's close, digging up stone, laying on timber, etc., commenced in the common pleas of Portage county. Damages laid, four hundred dollars. Verdict and judgment in the common pleas, and an appeal to the Supreme Court. Verdict in the Supreme Court for the plaintiff—damages twenty-five cents. The plaintiff claimed judgment for the damages and costs. At the suggestion of the defendant's counsel, the question was reserved to be .decided here.

J. SLOAN, for the defendant, cited and relied upon the thirtieth and fifty-second sections of the act regulating the duties of justices of the peace, contending that these two sections, read and interpreted in connection, precluded the plaintiff from recovering costs.

By the COURT :

By the fifty-second section of the act defining the duties of justices of the peace and constables, in criminal and civil cases, passed February 16, 1820, it is provided, " That if any person or persons shall commence or prosecute any suit for any debt or demand, by this act made cognizable before any justice of the peace, in any other court than is authorized and directed by this act, and shall obtain a verdict therein for debt or damages, which, without costs, shall not amount to one hundred dollars or more, he, she, or they, so prosecuting, shall not recover any costs in such suits, any law to the contrary notwithstanding."

In order to a correct decision of the question reserved, it is only necessary to ascertain whether, in the case before the court, a justice of the peace could have held jurisdiction.

By the fifth section of the before-recited statute, the jurisdiction of justices of the peace is extended, under the restrictions and limitations provided in the same act, to any sum not exceeding one hun-

dred dollars. In the forty-ninth section it is provided, in effect, " that this jurisdiction shall not extend to actions of trespass with force and arms, for assault and battery, for malicious prosecution," etc., nor to actions " where the title of lands is called in question." These provisions were contained in the justices' law previous to the year 1816, and in construing the several statutes on the subject, it 155] *was held that a justice of the peace had no jurisdiction in actions of trespass upon real property. To remedy this evil, the legislature, on the 17th February, 1816, passed an act extending the jurisdiction of justices of the peace to actions of the latter description, where the damages demanded should not exceed the sum made cognizable before a justice, or, in other words, where the damages demanded should not exceed one hundred dollars.

This provision is retained in the law of 16th February, 1820, first recited; by the thirtieth section of which it is enacted, " That the jurisdiction of justices of the peace shall extend to actions of trespass on real estate, in cases where the damages demanded for such trespass shall not exceed the sum made cognizable by a justice of the peace in other cases." By the terms of this section it would seem that the sum *demanded* is the test by which the jurisdiction is to be ascertained. If the plaintiff demanded damages to a greater amount than one hundred dollars, the justice has no jurisdiction. The plaintiff may be mistaken with respect to the actual damage he has sustained. There is no certain rule by which this damage can be ascertained. If a suit be commenced upon a note or bond, the instrument itself will afford some certain rule by which we can ascertain the extent of injury sustained by the plaintiff. In trespass upon real property or upon the person, it is different. See Wilson *v.* Daniel, 3 Dallas, 401 ; Hancock *v.* Barten, 1 Serg. & R. 269.

In the case before the court, the damages demanded were four hundred dollars. This exceeded the jurisdiction of a justice of the peace. The suit was well commenced in the court of common pleas, and the plaintiff is entitled to costs. If the intention of the legislature were different—if they intended that in actions of trespass on real property, commenced in the court of common pleas, no costs should be taxed unless the plaintiff recovered one hundred dollars or more, they have not expressed that intention, and it remains for that body, and not for the courts, to apply the remedy.