JOHN H. YOUNG

*v.*

A. D. JORDAN.

*Opinion filed December 18, 1899—Rehearing denied February 8, 1900.*

SPECIFIC PERFORMANCE—*when proposed purchaser cannot claim specific performance.* A proposed purchaser of land by contract is not entitled to demand specific performance after he has induced the other party to believe he has abandoned the contract, and such other, relying upon that belief, has sought to protect himself by making other disposition of the land.

*Young* v. *Jordan*, 80 Ill. App. 559, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

R. R. WALLACE, and S. P. ROBINSON, for plaintiff in error.

JOHN E. POLLOCK, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was a suit in equity in the circuit court of Mc-Lean county by A. D. Jordan, against John H. Young, to enjoin a suit at law, reform a contract for the sale of certain real estate by defendant to complainant, and to specifically enforce the performance of the same. The defendant answered the bill and filed a cross-bill to cancel the contract set up in the original bill, and for a money decree for $1000 alleged to have been paid by him on the contract, and also $1000 as damages for its breach. The master to whom the cause had been referred to take and report the evidence with his conclusions as to the law and facts of the case subsequently filed his report, recommending a decree perpetually enjoining the suit at law but denying a specific performance of the contract on the original bill, and recommending the dismissal of the cross-bill for want of equity. The defendant filed exceptions to this report, but the court overruled the same, approved the report and entered its decree accordingly. To reverse that decree the defendant sued out a writ of error from the Appellate Court, but it affirmed the decree below. From that judgment this writ of error is prosecuted.

The correctness of the decree of the circuit court depends upon whether the master correctly found and reported the facts. The Appellate Court properly considered and disposed of that question, as follows, in its opinion by WRIGHT, J.:

"It appears from the evidence that defendant in error, by written contract, sold to the plaintiff in error, June 18, 1895, one hundred and sixty acres of land in Livingston county for $11,000, to be paid $1000 in cash, $4500

March 1, 1896, and $5500 in five years from March 1, 1896, with six per cent interest, payable annually. Appellee was to convey by warranty deed and show perfect title by abstract on or before March 1, 1896, and give possession on the latter date. The $1000 was paid at the time the contract was made. There was nothing said in the contract concerning the manner in which the payment of the $5500 due March 1, 1901, was to be secured, and it is contended by the original bill, and denied by the answer, that it was the agreement of the parties, at the time of the contract, that a mortgage was to be given for the $5500, this stipulation having been by inadvertence omitted from the written contract. Soon after the contract was made plaintiff in error became dissatisfied with his purchase, informed the defendant in error he would not take the land and purchased land elsewhere, and the latter, acting upon such information, leased the land to a tenant for a year, beginning March 1, 1896, and also February 29, 1896, mortgaged it for $5500, after which, and on the same day, plaintiff in error tendered defendant in error the cash payment due March 1, 1896, and demanded deed of the premises according to the contract, which latter was offered subject to the mortgage which had been made, and for which reason plaintiff in error declined to accept it, and also declined to make such mortgage himself, although that alternative was offered to him, with the proposition that such previous mortgage given by defendant in error would be released.

"From the whole evidence we think it fairly appears it was the understanding at the time of the contract that plaintiff in error was to give a mortgage upon the premises to secure deferred payments. His refusal to accept the deed was upon the sole ground no mortgage was to be given, and that his note alone was to be accepted. No special objection was made that defendant in error had already made such mortgage, but the objection was general to any mortgage. After this, plaintiff in error

brought a suit at law against defendant in error upon the written contract to recover the $1000 paid thereon, and also for $1000, the penalty provided in such contract for a failure by either party to comply with its terms. A preliminary injunction was granted against such suit, and the decree herein made the same perpetual.

"We think the findings of the master and the decree of the court are sustained by the evidence. The letters written by plaintiff in error to defendant in error were sufficient to induce in the mind of a reasonable man the conclusion that it was not the purpose of the former to complete his purchase of the premises, and it was but natural the latter, acting upon such conclusion so reasonably induced, would wish to protect himself, as far as possible, against consequent loss, and therefore leased the land for the following year, and to provide for the $5500 he owed to Amsler, of whom he had purchased, executed the mortgage. It is the fair conclusion from the evidence that soon after the contract plaintiff in error concluded not to complete the purchase of the premises, and it is also apparent from his acts and the circumstances attending the tender of the $4500 to defendant in error, and the demand for the deed, and its refusal when offered, that by such means the consummation of the contract was neither desired nor expected. When, at this time, the proposition was made to let him in possession notwithstanding the tenancy of another person, and to release the mortgage already put upon the land by defendant in error, it was declined for the assigned reason he was not then prepared to comply. * * * If plaintiff in error was in earnest he should at all times have been ready and willing to comply with the terms of his contract, but we are impelled to the conclusion it was not his purpose or intention to do so."

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*