# CHARLESTON.

## SNIDER v. ROBINETT.

Submitted March 9, 1916.  Decided March 28, 1916.

1. COVENANTS—*Action on · Covenant—Plea of Non Est Factum— Issues.*

    In covenant there is no general issue, strictly speaking, as in debt, assumpsit or trespass on the case, and the plea of *non est factum* puts in issue only the execution of the covenant sued on. But if the declaration does not aver the covenant in its exact language, but simply its legal effect, the plea puts that matter in issue as well as its due execution.  (p. 90).

2. EVIDENCE—*Ambiguous Written Contracts.*

    To enable the court to construe a deed or other writing, ambiguous on its face, it is always permissible to prove the situation of the parties, the circumstances surrounding them when the contract was entered into and their subsequent conduct giving it a practical construction, but not their verbal declarations.  But, if a latent ambiguity is disclosed by such evidence, such for instance as that the terms of the writing are equally applicable to two or more objects, when only a certain one of them was meant, then prior and contemporaneous transactions and collocutions of the parties are. admissible, for the purpose of identifying the particular object intended.  (p. 92).

3. TRIAL—*Refusal of Instruction—Evidence—Certified Copy of Recorded Deed.*

    Where a certified copy of a recorded deed is used as evidence in the trial of the issue of *non est factum*, in lieu of the original shown to have been lost, and there is no note or memorandum on such copy respecting any interlineation, erasure or alteration in the original, it is proper to refuse an instruction to the jury, the ef-

fect of which would be to tell them that they should consider the absence of any such memorandum as evidence, in determining whether certain words were added to the original deed after its execution by the grantor, when the evidence shows that the controverted words appeared as the concluding words of the last sentence in the deed, in regular order and in the same handwriting as the body thereof.  (p. 92).

4.  TRIAL—*Instructions—Ignoring Issues.*

In an action of covenant, where the only issue is *non est factum,* it is error to give to the jury a binding instruction which ig nores that issue.  (p. 91).

5.  COVENANT—*Breach—Pleading—Damages Recoverable.*

Notwithstanding defendant does not take issue on an alleged breach of covenant, and pleads *non est factum* only, plaintiff can recover only nominal damages, if the termination of the issue is favorable to him, unless he proves with reasonable certainty the extent of his actual damages.  (p. 91).

Error to Circuit Court, Mercer County.

Action by R. L. Snider against J. W. Robinett.  Judgment for defendant, and plaintiff brings error.

*Reversed and new trial awarded.*

*Woods & Martin* and *John R. Pendleton,* for plaintiff in error.

*J. A. Meadows* and *H. A. Ritz,* for defendant in error.

WILLIAMS, PRESIDENT:

To a judgment for defendant in an action for breach of covenant, plaintiff was granted this writ of error.

Defendant conveyed to plaintiff by deed dated December 24, 1909, all the timber on a certain tract of land, together with the privilege of cutting and removing the same by the 1st of March, 1911, in consideration of $700.00, and covenanted, according to the allegation of the declaration, to furnish plaintiff a road leading from said tract of land to the public road, for the purpose of hauling to market the lumber to be manufactured out of the timber.  The concluding sentence of the deed, containing the covenant alleged to have been broken, is as follows:  "And said Snider agrees to repair any fencing that *are* damaged by removing the said timber &

said Robinett is to furnish road to Snider. Witness the following signature and seal. (Signed) J. W. Robinett. (Seal).'' Plaintiff alleges that defendant failed and refused to furnish him a road to the public highway, wherefore he was damaged to the extent of $800.00.

A demurrer to the declaration was overruled and defendant pleaded *non est factum,* and issue was joined thereon. There was no other plea.

There is a motion to dismiss the writ of error on the ground that the amount of damages is less than $100.00. Plaintiff proved that it cost him $36.50 to buy another right of way and grade it, so he could haul his lumber over it to the public road; and it is contended by counsel for defendant that that is all the damages his proof shows he is entiteld to recover, wherefore, they say, this court is without jurisdiction. But, if plaintiff is entitled to recover at all, there is another element of damages which the jury had a right to consider, and that is the additional cost of haulage, occasioned by his not getting the road which he claims defendant covenanted to furnish him. Plaintiff says this extra cost was $1.00 · per M. feet, which shows that the amount actually in controversy is more than $100.00, there being more than 100,000 feet of lumber. The motion to dismiss is, therefore, overruled.

In covenant there is no general issue, as in debt, assumpsit or trespass on the case, and the plea of *non est factum* puts in issue only the execution of the covenant sued on. Hogg's Pl. & Forms, sec. 226; Shipman on Pl., 288; *Snell* v. *Snell,* 4 B. & C. 736, 10 E. C. L. 543; *Cooper* v. *Watson,* 10 Wend., (N. Y.), 202; *Norman* v. *Wills,* 17 Wend. 136; *Kellog* v. *Ingersoll,* 1 Mass. 4; *Courcier and Ravises* v. *Graham,* 1 Ohio 154; and *Bonsach* v. *Roanoke Co.,* 75 Va. 585. But if the declaration does not aver the covenant in its exact language and simply avers its legal effect, the plea of *non est factum* puts in issue the actual covenant as well as its due execution. *North* v. *Wakefield,* 13 Q. B. 536, 16 Eng. Rep. 1368.

On the issue of *non est factum* the evidence is very conflicting, still there is enough evidence to sustain the verdict for defendant, and it can not be disturbed unless there is some error in the rulings of the court, prejudicial to plaintiff. Not

knowing what the result of that issue would be, plaintiff had a right to prove actual damages. For, although not put in issue by any plea, he had to prove damages before he could recover more than nominal damages. He was entitled to that much without proof, if he prevailed on the issue joined. Defendant also introduced evidence on the question of damages, and the evidence on this question also is very conflicting.

The giving of three instructions on behalf of defendant is assigned as error. No. 1 is good. No. 2 is as follows: "The court instructs the jury that even though you should believe that the defendant was obliged to furnish the road referred to in the evidence in this case as contended for by the plaintiff, still, if you further believe that said road was open and free to be used for a sufficient length of time to allow the plaintiff reasonable opportunity to remove the timber from said land, and the plaintiff consumed such time in hauling out other lumber, then you shall find for the defendant." There is no proof that plaintiff consumed any more time in removing the timber than he was allowed by the terms of defendant's contract with him, and, in view of the undisputed proof that he paid out $36.50, to buy and grade another road to be used instead of the one which he claims defendant covenanted to furnish him, this instruction is erroneous and misleading. It is binding and does not submit to the jury all the material facts. Plaintiff's right to a verdict, in any event, depends of course on the covenant, and if the covenant exists his right to a verdict is not defeated by his failure to haul the timber off the land, before the road was closed by the servient landowner. His lack of diligence, if shown, in sawing and stacking the timber, after having severed it, would affect the quantum of his damages. But his contract did not limit the time in which he could haul it away from the mill site. The undisputed evidence is that he had a right, until March 1, 1911, to cut and remove the timber to another piece of defendant's land, and he was unlimited as to the time to saw and remove the lumber from the mill site. If the jury believed the covenant existed, plaintiff's right to nominal damages, at least, followed as a matter of course. It is impossible to say whether the jury found for defendant on the issue of *non est factum,*

or on the fact submitted to them in the above instruction. For this error the judgment will have to be reversed.

Instruction No. 3, we think, should be qualified. It tells the jury "they are at liberty to believe or disbelieve any witness who has testified in the case." It should have told them they had a right to disbelieve any witness who, they have reason to believe, has sworn falsely in the case. A jury has no right to disregard, arbitrarily, the testimony of a witness; they must have reasonable ground to believe he has sworn falsely before they can do so. However the jury may have understood the instruction, as we think the court intended it, and if this were the only error it would not call for reversal.

The failure to join issue on the averment of breach of covenant, was a virtual admission of the breach, provided plaintiff's evidence established the existence of the covenant.

The evidence showed that the words, "and said Robinett is to furnish road to Snider," did not appear as an interlineation in the original deed, nor does it appear that there was any erasure therein; all the evidence respecting the appearance of those words, in the original deed, is that they were in the same writing as the other portions of the deed, and were the concluding words, appearing in regular order. It was, therefore, not error to refuse plaintiff's instruction No. 2, which would have told the jury that they might consider the absence of any note or memorandum by the clerk on the certified copy of the deed, respecting any interlineation, erasure or alteration, as evidence in determining whether or not there was any in the original. If the words were added to the deed after its execution, they appeared in such regular order as not to excite any suspicion that they were an alteration of the deed. Consequently, there was no reason for the clerk's making any such memorandum as he is required by sec. 7, ch. 73, Code 1913, to make when he records a writing on which there appears to be an interlineation, erasure or alteration. The omission of any memorandum by the clerk would not, in such case, be evidence tending to prove that the concluding words of a deed were not added after it was executed.

At the time the deed was made there was but one road leading from the timber land in question to the public highway.

This road passed over the land of one George Keatley, and it is contended by plaintiff's counsel that this is the road referred to in the covenant. The court permitted plaintiff, over objections by defendant, to testify to conversations between himself and defendant, had shortly before the execution of the contract, relating to this particular road, for the purpose of proving that it was the road defendant had covenanted to furnish him. Defendant denies there was any conversation between them, at any time, respecting any road whatever, and denies positively that the covenant for a road was in the deed at the time he signed it. And it is contended by defendant's counsel that, if the covenant was in fact made, it related to a way to be furnished over defendant's own land from the timber to the place where the mill was to be set. If the evidence shows two roads, to either one of which the covenant could be applied with equal fitness, a latent ambiguity in the written instrument is thus disclosed; and, in such case, parol evidence is admissible to show the application of the terms to the subject matter, not to vary, contradict or add to them. It is a fundamental rule of evidence that, in the absence of fraud or mistake, testimony of prior and contemporaneous conversations between the parties is not admissible to add to, contradict or vary the terms of a written instrument. But, where there is a patent ambiguity, by which is meant an uncertainty appearing on the face of the instrument, proof of the situation of the parties, the circumstances surrounding them at the time of the writing and their subsequent conduct relating thereto, showing a practical construction of it, but not of their parol declarations, is admissible, to aid in its construction. *Crislep, Guardian,* v. *Cain,* 19 W. Va. 438; *Knowlton* v. *Campbell,* 48 W. Va. 294; *Scraggs* v. *Hill,* 37 W. Va. 706; and *Uhl* v. *Ohio River R. R. Co.,* 51 W. Va. 106. When, however, such evidence discloses a latent ambiguity, such, for instance, as that there are two objects, to either of which the terms of the writing apply with equal fitness, then prior and contemporaneous transactions and collocutions of the parties are admissible for the purpose of identifying the particular object intended. This is an exception to the general rule which regards the writing, when produced, as the best and

only evidence of the contract, and is as well established by the decisions of the courts as the rule itself. In such case the parol evidence does not contradict, add to or vary the terms of the writing, but only enables the court to apply its terms to the subject matter, according to the true intent of the parties. "It is an old and familiar rule that, when the ambiguity is thus raised by extrinsic evidence, it may be removed by the same means." 3 Jones on Evi., sec. 472; 17 Cyc. 676; 9 Encyc. Evi. 397; 1 Greenl. on Evi., (16th ed.), sec. 289. Wigmore says this rule dates as far back, at least, as the time of Lord Coke. 4 Wigmore on Evidence, sec. 2472. It was applied by this court in *Johnson v. Burns*, 39 W. Va. 658; and *Belcher v. Coal Co.*, 68 W. Va. 716, in both of which cases the contemporaneous collocutions of the parties were admitted to explain a latent ambiguity. The following cases are also in point: *President D. & D. Inst.* v. *Norwood*, 45 N. C. 65; *Brawley* v. *United States*, 96 U. S. 168; *Mechanics Bank* v. *Bank of Columbia*, 5 Wheat. 326; *Storer* v. *Freeman*, 6 Mass. 435; *Mann* v. *Exors. of Mann*, 1 Johns. Chan. 231; *New River Mining Co.* v. *Painter*, 100 Va. 507; *Peery's Admr.* v. *Elliott*, 101 Va. 709; *Nichols* v. *Turney*, 15 Conn. 101. A very full and lucid discussion of the subject will be found in the able opinion prepared by Judge Pearson in the case above cited from North Carolina.

The judgment is reversed, the verdict set aside and a new trial awarded.

*Reversed, and new trial awarded.*