## Leon L. Beard, Appellee, v. Frank I. Comstock and Rachie Comstock, Appellants.

VENDORS AND PURCHASERS—*construction of provision for forfeiture of purchase price on breach of contract.* Under a contract for the purchase of land, providing for the payment of $1,000 down, which should be forfeited as liquidated damages in case of failure by the purchaser to perform and to be considered as the measure of damages for a breach and providing for a further payment of $2,000 four months later and the balance on a subsequent date, the purchaser, upon abandonment after making the $1,000 and $2,000 payments, is entitled to recover the $2,000 paid, the provision that the $1,000 payment should be forfeited as liquidated damages and that that sum should be the measure of damages being conclusive on the parties, where it appears from the contract that the provision for forfeiture contemplated a breach at any time before the final payment.

Appeal by defendants from the Circuit Court of Fulton county; the Hon. WILLIS F. GRAHAM, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed October 25, 1922. *Certiorari* denied by Supreme Court (making opinion final).

M. P. RICE and MARVIN T. ROBISON, for appellants.

BURNETT M. CHIPERFIELD and CLAUDE E. CHIPERFIELD, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This is a suit in assumpsit brought by appellee against appellants. The declaration consisted of three counts, to the first two of which the defendants pleaded the general issue and to the third filed a general demurrer which was overruled by the court. Appellants having elected to abide by their demurrer to said third count, appellee thereupon withdrew all counts of his declaration as amended except said third count, and appellants thereupon withdrew all of their pleas except the demurrer to said third count of said declaration. The court then ruled appellants to plead at once to said third count. Appellants refusing to plead further than said demurrer were thereupon defaulted for failure to plead. A hearing was then had by the court and the plaintiff's damages assessed at $2,000, upon which finding judgment was rendered in favor of appellee against appellants for $2,000 damages and costs, from which judgment appellants have appealed to this court.

The third count of appellee's declaration upon which the judgment is based alleges, among other things, that the plaintiff, Leon L. Beard, did, on the 28th day of May, 1919, make and enter into a certain contract and agreement in writing with the defendants, Frank I. Comstock and Rachie Comstock, setting forth *in hæc verba* the contract which, among other things, contained the following provisions: "that if the party of the second part shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, the said party of the first part hereby sells and covenants and agrees to convey and warrant to said party of the second part in fee simple, free and clear of all encumbrances by a good and sufficient warranty deed, the lots, pieces, parcels of land situated in the County of Fulton and State of Illinois (describing 324 acres of land known as Grand View Stock Farm).

"And the said party of the second part hereby cove-

nants and agrees to purchase said land for the sum of
$51,840.00 and agrees to pay said money in manner fol-
lowing, $1,000.00 cash in hand paid the receipt where-
of is hereby acknowledged; two thousand ($2,000.00)
dollars to be paid on September 1, 1919; and $12,-
000.00 to be paid March 1, 1920, and the balance of
$36,840.00 to be paid by giving a first mortgage upon
all of said land to the party of the first part, securing
a note for said amount due five years after date with
interest at 6 per cent per annum, payable annually;
all of said deferred payments to draw interest from
June 1, 1919, at 5 per cent until paid. Said payments
to be made at the Farmers State Bank, Lewiston, Illi-
nois. * * *

"It is further stipulated and agreed that if said
party of the second part fails to perform this contract
on his part promptly at the time and in the manner
as above specified, time being of the essence of this
contract, then the above sum of $1,000.00 shall be for-
feited by him as liquidated damages and not as a pen-
alty and said sum shall be considered as the measure
of damages for a breach thereof, and the above con-
tract shall be and become null and void.

"It is further stipulated and agreed that the party
of the second part shall pay the taxes levied for the
year 1919, and to have the full possession of said
premises March 1, 1920, upon the payment of the bal-
ance of said purchase price at which time said deed
is to be delivered to the party of the second part for
the said premises"; that by and under the terms of
the agreement he paid to the defendants on the 28th
day of May, 1919, the sum of $1,000, and also on or
before the 1st day of September, 1919, he did likewise
pay to the said defendants the sum of $2,000 for the
purpose of carrying out the terms of said agreement;
and that afterwards, on, to wit, the 1st day of March,
1920, that plaintiff did determine, as by said contract
above set forth he was given the right and privilege

to do, that he would proceed no further with the said contract, and that he would not exercise his right of purchase under the terms of the agreement hereinbefore set forth, and that he then and there refused and declined to proceed any further with said agreement.''

The plaintiff further averred that by and under the terms of said agreement, as above set forth, it did then become the duty of the defendants to return to him the said sum of $2,000 so paid on or before the 1st day of September, 1919; and that under said contract it was then the privilege of the defendants to retain the sum of $1,000 paid on the 28th day of May, 1919, as liquidated damages;

That the defendants, although often requested to so pay to the said plaintiff the sum of $2,000, have failed and refused so to do and still refuse to make such payment.

The only question involved upon this appeal is whether or not this count of the declaration states a good cause of action and the decision of this question turns upon the construction to be placed upon the written contract. In *Hood v. Community High School Dist.*, 223 Ill. App. 451, it was said: ''In construing a contract, it is the duty of the court to ascertain, if possible, the intention of the parties from the written words used by them in the contract. *Swartz v. Hiler* (Mo. App.), 207 S. W. 258; *White v. Greenwood,* 40 Cal. App. 113, 180 Pac. 45. In determining what significance should be given to language where used in a contract, the situation of the parties, the nature of the subject-matter with which they are dealing and the purpose sought to be accomplished are matters to be considered by the court. *Raleigh Lumber Co. v. Wilson,* 69 W. Va. 598; *Snider v. Robinett,* 78 W. Va. 88, 88 S. E. 599.

''In the construction of a contract, the instrument should be read and considered as a whole and so con-

strued as to give force and effect to each of its several parts. *Hunter v. Gulf Production Co.* (Tex. Civ. App.), 220 S. W. 163; *Mikusch v. Beeman*, 110 Wash. 658, 188 Pac. 780; *Dick v. Goldberg*, 295 Ill. 86.

"If the words of the contract are plain and unambiguous, the contract must be so construed as to give effect to the plain and obvious import of the language used. *Bearss v. Ford*, 108 Ill. 16; *Kansas City v. Public Service Commission*, 276 Mo. 539, 210 S. W. 381. When the parties are competent to contract, with the wisdom or folly of their contracts, made for a consideration and without fraud, courts of law have no concern. *Florida Ass'n v. Stevens*, 61 Fla. 598; *Mizell Live Stock Co. v. J. J. McCaskill Co.*, 59 Fla. 322, 51 So. 547."

"*Expressio unius est exclusio alterius.*" "The expression of one thing is the exclusion of another" and "The express mention of one thing, person or place implies the exclusion of another" are familiar rules of construction. Co. Litt. 310 a; Black's Law Dict. 468; *Finley v. Steele*, 23 Ill. 56; *Rubens v. Hill*, 213 Ill. 523; *England v. England*, 223 Ill. App. 549; *Clarke & Co. v. Fidelity & Casualty Co. of New York*, 220 Ill. App. 576.

It is contended by appellants that where the purchaser without cause refuses to perform his contract, or is in default in making payments thereunder, he is in no position to recover the instalment or instalments which he has already paid; accordingly in such case, if the vendor is in no default, no recovery can be had. This is undoubtedly the general rule in the absence of a contract to the contrary (39 Cyc. 2025; *Kendall v. Young*, 141 Ill. 188; *Young v. Jordan*, 183 Ill. 459); but it is the duty of the court to carry out contracts as made by the parties and not make new contracts for them, and when a contract has been made without fraud by parties competent to contract contrary to the above rule, it is the duty of the court to carry out the contract as made.

In the present case the contract was not to be completed and settlement made for the major part of the purchase price until March 1, 1920, and while the contract provided for a payment of $2,000 on September 1, 1919, it is evident that when the parties stipulated in the contract "that if said party of the second part fails to perform this contract on his part promptly at the time and in the manner as above specified, time being of the essence of this contract," that they had in contemplation and were providing for a breach of the contract which might occur as late as March 1, 1920, and after the September 1, 1919, payment of $2,000.

Applying the rules of construction above mentioned and having in mind that it was evidently the intention of the parties to make provision for a breach of the contract after the payment of the $2,000, we must hold that when, in the contract, they used the language, "then the above sum of $1,000.00 shall be forfeited by him as liquidated damages and not as a penalty and said sum shall be considered as the measure of damages for a breach thereof, and the above contract shall be and become null and void," having declared that the sum of $1,000 shall be forfeited by him as liquidated damages and that said sum should be considered as the measure of damages, and not having provided for a forfeiture of the $2,000 payment and not having included it as part of the measure of damages, it was the intention of the parties that if appellee failed to perform his part of the contract, the $1,000 payment was to be retained by appellants in full satisfaction of their damages and that all other payments made by appellee should be returned to him.

The court did not err in overruling the demurrer to the third count of appellee's declaration and the judgment is therefore affirmed.

*Affirmed.*

# CASES

## FIRST DISTRICT

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1922.