provision quoted unless plaintiff has acquired other real property of equal value to that sought to be released.

*Allen S. Wrenn* for appellant.

*William N. Dykman* and *Sigourney B. Olney* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

BENJAMIN FRIEDLAND, Appellant, *v.* ARGENTOR HOLDING CORPORATION, Respondent.

*Vendor and purchaser — sale — contract — money deposited by purchaser on execution of contract of sale of real property — provision in contract for forfeiture in case of default and for extension of time on payment of additional sum — payment of amount required for extension — on final default action to recover additional amount paid cannot be maintained.*

*Friedland* v. *Argentor Holding Corp.,* 215 App. Div. 679, affirmed.

(Argued January 22, 1926; decided March 2, 1926.)

APPEAL from a judgment, entered January 4, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion by defendant for a dismissal of the complaint on the ground it failed to state facts sufficient to constitute a cause of action and granted said motion. The complaint alleged that plaintiff's assignors agreed in writing to purchase real property from defendant and paid $1,000 on signing the contract which contained the following clauses:

" It is hereby understood and agreed that time is of the essence of the contract and if the purchaser does not take the title on the date hereinafter agreed that this contract shall then become cancelled and the deposit shall be retained by the seller as liquidated damages.

" It is further understood and agreed that the purchaser may obtain an extension of time within which to take title to June 30, 1924, upon further payment of

$4,000 additional to be applied on account of the purchase price."

Thereafter the assignor paid the $4,000 required for an extension of time, and at the end thereof, being unable to complete the purchase, so notified defendant and demanded the repayment of the $4,000, which being refused, the claim was assigned to plaintiff who brings this action to recover said amount.

*I. Maurice Wormser* and *William M. Silverman* for appellant.

*John J. Cunneen* and *Philip J. Ross* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

In the Matter of the Claim of MRS. ANTHONY WEISS, Respondent, against WICKWIRE SPENCER STEEL CORPORATION et al., Appellants.

*Appeal — unanimous affirmance — appeal without permission dismissed.*

*Weiss* v. *Wickwire Spencer Steel Corp.*, 214 App. Div. 845, appeal dismissed.

(Argued February 23, 1926; decided March 2, 1926.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 15, 1925, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law.

The motion was made upon the grounds that an application for leave to appeal had previously been denied and that an appeal could not be taken as of right.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for motion.

*Ansley W. Sawyer*, opposed.

Motion granted and appeal dismissed, with costs and ten dollars costs of motion.