BLUE BIRD, INC., Perfumers, Also Known as BLUE BIRD, INC., Appellant, Respondent, v. CONSOLIDATED ROYAL CHEMICAL CORPORATION and CONSOLIDATED ROYAL CHEMICAL CORPORATION, Doing Business as the CONSOLIDATED DRUG TRADE PRODUCTS, a Division of the CONSOLIDATED ROYAL CHEMICAL CORPORATION, Respondent, Appellant.

Cross-appeals by the plaintiff and by the defendant from a judgment of the Supreme Court, entered in the New York county clerk's office on February 4, 1941. The plaintiff appeals from the judgment, entered upon a verdict directed by the court after trial at Trial Term, without a jury, and the defendant appeals from so much of said judgment as sustains plaintiff's claim upon its first cause of action and credits the amount thereof against defendant's counterclaim.

Judgment affirmed, without costs. No opinion. Present — Martin, P. J., Townley, Glennon, Cohn and Callahan, JJ.; Cohn, J., dissents in opinion.

COHN, J. (dissenting). Plaintiff entered into the contract with defendant Consolidated Royal Chemical Corporation in reliance on that defendant's promise to use its best efforts to sell plaintiff's products and to make monthly advances to plaintiff. Under the terms of the contract, the moneys which it owed to defendant were to be liquidated out of plaintiff's share of profits which it was anticipated would result under the contract and its renewal at the expiration thereof. The breach of the contract by defendant prevented the liquidation of the latter's indebtedness to plaintiff in the manner agreed upon in the contract between the parties.

The trial court apparently accepted defendant's contention that the plaintiff, in exercising its right to sue for liquidated damages pursuant to the terms of the agreement, had caused its expiration, and that by virtue of that expiration the defendant's claim against plaintiff had matured and become payable in full.

The defendant's contention is obviously wrong. A party to a contract cannot benefit by his own breach thereof. (*Friedland* v. *Argentor Holding Corporation*, 214 App. Div. 242, 244; affd., 242 N. Y. 532; *Finkelmeier* v. *Bates*, 92 id. 172, 179; *Lawrence* v. *Miller*, 86 id. 131, 140.) Here, if the judgment appealed from is upheld, defendant by its own breach will have benefited to the extent of having been permitted to recover the entire amount of its debt, which, had defendant performed the agreement, would not have been payable until one month after the expiration of the agreement and then only in twenty-four equal monthly installments.

The parties contemplated that plaintiff's indebtedness to defendant was not to be paid until after the expiration of the contract, save that it was to be reduced during the term of the agreement by whatever sums were found to be due to plaintiff as profits .(paragraph 18 of the agreement). Had the contract been performed, by its terms it would have expired on April 12, 1942. However, by plaintiff's demand for liquidated damages the expiration date was accelerated to the date upon which this demand was made. When plaintiff made its demand for the liquidated damages, it in effect insisted that defendant put plaintiff in the same position in which it would have found itself on April 12, 1942, had the contract been fully performed.

The sum of $14,970 which the trial court awarded to plaintiff as liquidated damages for defendant's breach of the contract was proper. Such damages necessarily embraced all possible profits that might have accrued to plaintiff if defendant had not breached the contract. Under the terms of its agreement with defendant, plaintiff's indebtedness was to be reduced by whatever profits would accrue to plaintiff. Accordingly, defendant was entitled to offset such sum against the indebtedness of $21,000, which concededly represented the amount of plaintiff's obligation to defendant. As to the balance of the obligation due defendant, namely, the sum of $6,030, defendant would only be entitled to demand payment of one-twenty-fourth of that sum one month after plaintiff's demand for liquidated damages and a like sum each month thereafter until the debt of $6,030 was fully satisfied.

Plaintiff made its demand for liquidated damages on April 28, 1939. Defendant served its answer, wherein its counterclaim was interposed, on February 27, 1940. On the latter date nine monthly installments on plaintiff's indebtedness to defendant had become due. Therefore, in addition to the aforementioned offset, defend-

ant is entitled to recover on its counterclaim nine-twenty-fourths of $6,030, which amounts to $2,231.25, together with interest from the respective dates of the nine installments.

On its second cause of action, plaintiff is entitled to judgment for the sum of $141.02, the amount concededly due. Such sum together with interest, should be offset against defendant's recovery.

Accordingly, I dissent and vote for a modification of the judgment on the basis hereinabove set forth.