Lawrence Powers et al., Appellants, v. Ruth C. Mulford et al., Respondents.

Third Department, December 20, 1956.

*R. R. Calli* for appellants.

*Joe Schapiro* for respondents.

HALPERN, J. The plaintiffs appeal from an order dismissing their complaint under rule 107 of the Rules of Civil Practice, upon the ground that, at the time of the institution of the action, there was another action pending between the same parties for the same cause.

The controversy between the parties grows out of a real estate contract dated November 24, 1947, under which the plaintiffs agreed to purchase, and the defendant Ruth C. Mulford (through her husband, the defendant Jack W. Mulford, as her attorney in fact) agreed to sell, certain premises in Canastota, New York, upon which there was a building designed for use as a grill and restaurant, for the sum of $30,000. The plaintiffs made a down payment of $7,800. The contract provided for closing on January 2, 1948. On or about that date, the plaintiffs notified the defendants that they did not desire to complete the purchase and requested the repayment of the down payment. This was refused and thereupon the plaintiffs brought a suit in equity, seeking a recovery of the down payment upon either of two theories pleaded in the complaint. One cause of action sought a rescission of the contract upon the ground that the plaintiffs had been induced to enter into it by fraudulent representations, chiefly concerning the right to use a driveway on adjoining premises, the right to use a parking lot at the rear of the premises, and the freedom of the premises from easements and encroachments. The other cause of action alleged that, a few weeks after the closing date, the parties entered into a new agreement under which it was agreed that the real estate contract would be cancelled and the defendants would resell the premises and repay the plaintiffs the amount of the down payment. The equity action was tried before an Official Referee and resulted in a deci-

sion in which he found that neither cause of action had been established; the complaint was accordingly dismissed.

After the proof had been completed in the equity case but before the decision by the Referee had been handed down, the plaintiffs instituted the present action, seeking a recovery of the down payment, or a part thereof, upon four theories embodied in four separate causes of action. In order to understand the nature of these causes of action, it is necessary to take up some of the other provisions of the contract, a copy of which is annexed to the complaint. The contract contained a liquidated damage clause reading as follows: " Should either party fail to carry out their part of this contract, such party shall pay to the other party 10% of this contract as liquidated damages and not as a penalty ". It also contained a provision to the effect that the contract was " contingent on the purchaser procuring full alcoholic Beverage License ". There was also an addendum to the contract under which the seller agreed to install certain additional equipment upon the premises.

The first cause of action is based upon the theory that, even if the plaintiffs were guilty of an unjustified breach of the contract, they cannot be held liable for more than 10% of the contract price, under the liquidated damage clause, and that therefore all of the down payment in excess of that amount should be repaid to them.

The second cause of action is closely related to the first and alleges that the seller suffered no actual damage by reason of the plaintiffs' default because the premises were resold by her for a sum in excess of the contract price and, for that reason, the plaintiffs are entitled to a return of the deposit of $7,800, the retention of which by the defendants, it is alleged, would constitute " undue enrichment on their part ".

The third cause of action alleges that an alcoholic beverage license was not procured and that therefore the contract became null and void under the clause which made the obligation of the parties under the contract contingent upon the procuring of a license.

The fourth cause of action alleges that the defendants breached their contract to install the additional equipment listed in the contract and that they also breached an additional promise made by them that the plaintiffs would be able to enter into possession and open the bar and grill on December 4, 1947, and that, by reason of the breach by defendants, the plaintiffs elected to terminate the contract and hence are entitled to recover their deposit.

The defendants moved to dismiss the complaint under rule 107 of the Rules of Civil Practice upon the ground that there was another action pending between the parties for the same cause. This motion came on to be heard at Special Term, before the Official Referee had handed down his decision in the equity case and before a transcript of the testimony upon the trial before him had become available. However, affidavits were submitted giving each party's version of the nature of the equity action. The Special Term granted the defendants' motion and dismissed the complaint.

Upon the argument of the appeal in this court, it was stipulated by the attorneys for the parties that the court could consider the pleadings, the transcript of the testimony and the decision in the equity case as part of the papers upon which the appeal was to be decided. In view of this stipulation, we can regard the order appealed from as one dismissing the present action upon the ground of *res judicata,* as well as upon the ground of another action pending. In any event, the principles of law to be applied in the situation here presented are the same, regardless of which ground is treated as the basis of the order.

It seems clear to us that none of the causes of action in the complaint in the present action are barred either because of the pendency of the equity action or because of the adjudication therein. The present action is not brought " for the same cause " as the former action. Neither does anything which was necessarily decided in the former action bar this action (*Ripley* v. *Storer,* 309 N. Y. 506; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Smith* v. *Kirkpatrick,* 305 N. Y. 66).

As we have seen, the equity action was brought upon two grounds, the first, that the contract was voidable because of fraud and the other, that the contract had been cancelled by mutual consent. In the opinion of the Official Referee, the plaintiffs failed to establish either of these two causes of action. But that adjudication has no bearing upon the causes of action pleaded in the present action. All the causes of action in the complaint now before us rest upon the premise that initially there was a valid contract. In the first and second causes of action, the plaintiffs seek a recovery of the down payment, or of a part of it, upon the theory that, notwithstanding a breach by the plaintiffs, they are entitled to recover the excess of the amount of the down payment (1) over the amount of the damages stipulated in the liquidated damage clause in the contract or (2) over the amount of the actual damage suffered by the defendants. In the third cause of action, the plaintiffs seek to recover the down payment

upon the ground that the contractual obligations of the parties were subject to a condition subsequent which has been breached. The fourth cause of action is based upon the theory that the defendants had breached the contract and the plaintiffs' repudiation of their obligation was justified by the defendants' breach.

Not only is it clear that these causes of action were not before the Official Referee in the equity action, but it appears from the record of the trial that the plaintiffs' efforts to inject these additional or alternative causes of action into the case were explicitly rejected by the court upon the objection of the defendants' counsel. '' Evidence received upon a former trial is admissible where it is necessary in order to clarify what was decided by the judgment in cases where the rule *res judicata* is invoked '' (*Ripley* v. *Storer,* 309 N. Y. 506, 519, *supra*). Similarly, the fact that the court excluded certain lines of proof upon the former trial may be taken into account.

There was a reference in the complaint in the equity action to the promises to install additional equipment and to have the premises ready for occupancy on December 4, 1947, and there was also a reference to the failure to obtain a liquor license but these matters were referred to only as part of the defendants' alleged fraudulent representations, not as independent bases of recovery. The Referee excluded all proof as to the alleged breaches of the contract by the defendants upon the ground that they could not be made the basis of a finding of fraud and that, as independent causes of action, they were not within the scope of the complaint. The plaintiffs thereupon moved to amend the complaint but the motion was denied. We believe that the Referee was correct in ruling that the causes of action in the present complaint were not within the scope of the pleadings in the equity action, in the absence of an amendment. But even if the Referee erred in making this ruling, the present action is not barred. '' Where in an action the court holds that the plaintiff cannot enforce a particular claim in that action on the ground that he can enforce it only in a separate action, the judgment does not preclude the plaintiff from enforcing the claim in another action, although in the second action it appears that the holding of the court in the first action was erroneous '' (Restatement, Judgments, § 67).

The defendants seek to sustain the order upon the ground that the plaintiffs elected to rescind the contract by bringing the equity action and that that election is conclusive and bars the bringing of any action based upon their rights under the contract. We see nothing improper in the plaintiffs' first seeking to rescind

the contract on the ground of fraud, or asserting their claim of a cancellation by mutual consent, and then, after failing in that effort, seeking to enforce their rights under the terms of the contract. The plaintiffs apparently believed that they had the right to rescind the contract for fraud or to obtain an adjudication that it had been cancelled, but the decision of the Official Referee establishes that the plaintiffs were mistaken in their belief and that the contract was a valid and subsisting one. The plaintiffs are then obviously entitled, in the light of that adjudication, to enforce whatever rights they may have under the terms of the contract.

Since it has been authoritatively adjudicated that the plaintiffs never had a right to rescind for fraud, it now appears that they never had alternative remedies between which to elect; their remedy was solely under the terms of the contract and not in avoidance of it. "An election of remedies presupposes a right to elect * * * If in truth there is but one remedy, and not a choice between two, a fruitless recourse to a remedy withheld does not bar recourse thereafter to the remedy allowed ". (*Schenck* v. *State Line Tel. Co.,* 238 N. Y. 308, 311. See, also, *Clark* v. *Kirby,* 243 N. Y. 295; *Smith* v. *Kirkpatrick,* 305 N. Y. 66, 73–74, *supra.*)

The defendants also seek to sustain the order of dismissal upon the ground that the complaint is insufficient on its face. The third and fourth causes of action obviously present questions of fact which can be determined only upon a trial. There may be a serious question as to the sufficiency of the first cause of action. The general rule in this State, which the Law Revision Commission has unsuccessfully sought to induce the Legislature to change, still is that a vendee of real property may not ordinarily recover any part of the down payment if he defaults in the performance of the contract, even though the vendor resells the premises for a sum equal to or greater than the contract price and suffers no damage. (*Lawrence* v. *Miller,* 86 N. Y. 131; 1942 Report of N. Y. Law Rev. Comm., pp. 180, 237–239; cf. Personal Property Law, § 145-a; 1952 Report of N. Y. Law Rev. Comm., p. 83.) Whether the limited liquidated damage clause in the contract in this case is sufficient to take the case out of the general rule is an open question (cf. *Beveridge* v. *West Side Constr. Co.,* 130 App. Div. 139; *Friedland* v. *Argentor Holding Corp.,* 214 App. Div. 242, affd. 242 N. Y. 532; *Beard* v. *Comstock,* 227 Ill. App. 132; n. 31 A. L. R. 2d 8, 80).

The second cause of action, as presently pleaded, is plainly insufficient under the general rule cited but a reading of the record of the trial of the equity case suggests that it may pos-

sibly be amended so as to state a good cause of action. It appears that, after the date set for closing of the sale, there was a conference between the parties at which the disposition of the property was discussed. The defendants deny that they made any such agreement as that alleged in the complaint in the equity action, namely, that the contract was to be cancelled and the plaintiffs' down payment repaid regardless of the amount which might be realized upon a resale of the premises. The Referee accepted the defendants' version of what took place at the conference and accordingly dismissed the plaintiffs' claim of a cancellation agreement. But the defendants' own proof upon the trial indicates that an understanding of a different character was reached at the conference, upon the basis of which the plaintiffs may be entitled to recover. It may reasonably be inferred from the testimony that the defendants did not elect to terminate the contract because of the plaintiffs' default but elected to keep the contract alive and agreed to resell the premises for the account of the plaintiffs and to determine the amount of the plaintiffs' liability in the light of the amount realized upon the resale. If the premises were resold upon that understanding, the plaintiffs may be entitled to recover so much of their down payment as exceeds the amount of the loss sustained upon the resale of the premises. That claim was not passed upon in the equity action. The Referee excluded all proof as to the amount realized upon the resale, holding that that was immaterial in view of the nature of the agreement alleged in the complaint in that action.

However, we need not decide at this time the question of the sufficiency of the causes of action alleged in the complaint, either in their present or in an amended form, because the motion to dismiss the complaint was made solely upon the ground that there was another action pending and the appeal must be decided upon that basis, with the addition, by virtue of the stipulation, of the question of the bar of *res judicata*.

The order appealed from should be reversed, with $10 costs, and the motion denied, with $10 costs, with leave to the defendants to move or plead within 10 days after the service of a copy of the order to be entered herein.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Order appealed from reversed, with $10 costs, and the motion denied, with $10 costs, with leave to the defendants to move or plead within 10 days after the service of a copy of the order to be entered herein.