## THE TOLEDO, WABASH AND WESTERN RAILWAY CO.

*v.*

## JESSE LOCKHART.

71   627
97a  ᶜ205

1. COMMON CARRIERS—*their duty to forward and deliver within a reasonable time — delay by another company on the route.* It is the duty of a common carrier to forward and deliver goods at the point it contracts to convey them to, within a reasonable time, and if it fails to do so, it is liable, whether it knew that its connecting line could not without unreasonable delay forward the goods or not.

2. When a railroad company contracts to ship stock to a given point, it is bound to forward and deliver it at that point within a reasonable time, and it will not be released from its liability by a delivery to another connecting road, but will still be liable for any unreasonable delay, although the same occurs on account of the crowded condition of such connecting road.

3. In order to guard against the delay occasioned on the connecting road, the company should provide for it in its contract, or should only contract to ship over its own road, and deliver to the next succeeding line to the place of destination.

4. EVIDENCE. In a suit against a railroad company, for unreasonable delay in transporting stock to the place of delivery, if the shipper had shipped with a view to have the stock reach its destination on a particular day of the week, and it would have done so had there been no unreasonable delay, it is competent for the plaintiff to prove that that particular day was the market day at the place of delivery, and that, in consequence of the delay, he was compelled to hold his stock, on expense, until the return of the market day of the next week.

5. Where the defendant, a railroad company, in a suit against it for unreasonable delay in transporting stock from the west to the east, set up as an excuse that the delay was occasioned by the want of empty cars at a particular point on the route, it was competent for the plaintiff, for the purpose of meeting such excuse, to prove that empty cars passed that point, going west, whilst the stock was there waiting transportation.

6. INSTRUCTIONS. Where an instruction says to the jury that "if they believe, from the evidence," etc., in such way that, by a fair and reasonable construction, the expression would apply to each fact they are required to find by the instruction, it is sufficient without again repeating it.

APPEAL from the Circuit Court of Macon county; the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

Messrs. Nelson & Roby, for the appellant.

Messrs. Post & Sterrett, and Mr. John W. Smith, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action on the case, brought by appellee, against appellant, in the circuit court of Macon county, to recover damages for the failure of appellant to ship three car loads of cattle from Niantic, Illinois, to Buffalo, New York, within a reasonable time.

The cause was tried before a jury, and appellee obtained a verdict for $400. A motion was made for a new trial, and overruled, and judgment rendered upon the verdict.

It appears, from the evidence contained in the record, that appellant contracted with appellee to ship for him three car loads of cattle and four car loads of hogs, from Niantic to Buffalo, at certain specified rates. The stock was shipped on Saturday evening, December 2, 1871, and had there been no unreasonable delay on the route, it would have reached Buffalo on the next Wednesday. The cattle were unloaded at Toledo, and, on account of the inability of the railroad company to furnish cars, and the consequent delay at that place, they did not reach Buffalo until Saturday. The hogs, however, arrived on Wednesday.

On the trial, appellee proved that Wednesday and Thursday were the proper market days for cattle in Buffalo, and on Saturday there was no market. This evidence was objected to by appellant, and its admission is now assigned as error.

It is true, the question for the jury to determine was, whether there had been unreasonable delay on the part of appellant in shipping the cattle over the route, and not what the market days were in Buffalo; but if appellee shipped with the view to reach Buffalo on Wednesday and Thursday, and, by the fault of appellant, his stock did not arrive until

Saturday, and, in consequence of the delay, he had to hold his stock, on expense, until the return of the market days the next week, in that view the evidence was proper.

Again, it is claimed by appellant the court erred in permitting appellee to show that empty cars passed Toledo, going west, while his cattle were at that point, waiting transportation. In this, there was no error. On the trial, appellant claimed that the cattle were delayed at Toledo for the reason that the railroad company had no empty cars at that time in which to forward the cattle. It was with a view to meet this position of appellant that the evidence was admitted, and, for that purpose, the evidence was legitimate.

The next point relied upon is, it is claimed by appellant that appellee's first instruction does not require the jury to believe the facts therein stated, from the evidence, and the instruction is not predicated on any fact established by the testimony.

We can not hold that the instruction is liable to either of the objections.

The second sentence of the instruction expressly provides, if the jury believe, from the evidence, etc., and this, by any fair or reasonable construction, would apply to each fact they were required to find by the instruction, without again repeating it. As to the other objection, we are unable to find any evidence in the record that plaintiff consented or directed that the stock of any other person that arrived at Toledo, after his, should be shipped in advance of his own. On the contrary, the evidence tends to prove that appellee was anxious to hasten the shipment of his cattle. He testifies that he went on that evening with the cattle to Toledo; took them out, desiring to reload that evening. Stratton, the agent at Toledo, said he could not get cattle-cars, but could get double-deck hog-cars. He then left the cattle there, with instructions to Stratton to forward them as soon as he could get cars. There was evidence enough before the jury upon which to base the instruction.

The next error assigned is the giving of appellee's third instruction, which is as follows:

" The court instructs the jury that if the jury believe, from the evidence, that the defendant received from the plaintiff, on the 2d day of December, A. D. 1871, his cattle and hogs for transportation to, and delivery at, Buffalo, New York, and that, at the time of the receipt of the stock, the road of defendant, and its connecting lines running to Buffalo, were so crowded with freight that they were unable to furnish cars within the usual time for the transportation of plaintiff's stock, then such crowded condition of said road or roads would furnish no excuse for the defendant if plaintiff's stock were not delivered at Buffalo, New York, in a reasonable time, if the jury believe the defendant was so bound to deliver."

It is claimed the instruction is not authorized by the facts as proven, and that it does not correctly state the law.

It was clearly shown by several witnesses that, from the 1st of December, for several weeks, there was a large increase in the shipment of stock over the Lake Shore and Michigan Southern road, from Toledo east—so much so, indeed, that the company could not furnish cars to supply the demand of shippers. This was the connecting line from Toledo east, for appellant, and the contract appellant made with appellee was to ship to Buffalo. If appellant had notified appellee of the crowded condition of the road at the time the stock was received for shipment, and informed him of the inability of its connecting line at Toledo to furnish cars to forward the stock from that point without delay, or limited its common law liability by contract with appellee, that would have presented a different question; but, in this case, appellant invited appellee to ship over its line of road. He had no notice or apprehension that his stock would be detained on the line to wait transportation. It was the duty of appellant, as a common carrier, to forward and deliver appellee's stock at the point it contracted to carry it to, within a rea-

sonable time, and if it failed in this regard, it is liable, whether the agent knew, when the stock was received, that its connecting line could not, without unreasonable delay, forward the stock or not. *Great Western Railroad Company of Canada* v. *Burns et al.* 60 Ill. 284.

Appellant claims that the court erred in giving appellee's fourth instruction.

The objections made to this instruction are, first, that it is based upon the fact that there were other connecting lines between Toledo and Buffalo than the Lake Shore and Michigan Southern railroad, which the evidence does not show, and second, that the last named road was in a crowded condition.

This second objection we have already considered. As to the first, it is not true, in fact. As we read the instruction, it does not assume that there were other connecting lines at Toledo.

We think the instruction contains a correct proposition of law, and the objections made are not well taken.

The fourth error assigned is, that the court erred in refusing to give appellant's fourth instruction.

The gist of the instruction is, that, if appellant delivered the stock to the Lake Shore and Michigan Southern railroad within a reasonable time, and it was delayed at Toledo on account of the crowded condition of the last named road, then appellant is not liable, notwithstanding the fact that it contracted with appellee to ship the stock to Buffalo.

For the reasons heretofore stated, we do not regard this instruction as containing a correct proposition of law.

Appellant received the cattle for shipment, as a common carrier, and the duty devolved on it to ship and deliver the stock at the place of destination, within a reasonable time. Appellant, by the contract, undertook and agreed to ship the cattle to Buffalo. Had it desired to guard against the crowded condition of its connecting line, and the consequent delay attending shipment when the road was in that condition, a

clause for its protection should have been inserted in the contract with appellee; or the company should only have contracted to ship over its own road, and deliver to the next succeeding connecting line for Buffalo.

This it did not do, and, having failed to ship and deliver the cattle of appellee within a reasonable time, as the law required, we see no reason why appellee was not entitled to recover.

The judgment will be affirmed.

*Judgment affirmed.*