## A. B. Hemenover, Appellant, v. F. P. Buckles, Appellee.

1. SALES—*time for delivery.* Under a contract by which plaintiff was to deliver corn to a certain elevator at defendant's option any time between May 6 and July 31, plaintiff had no right to make delivery without a request to do so from defendant.

2. SALES—*impossibility of delivery at certain times between dates specified in contract as excusing performance by purchaser.* Where the purchaser of corn to be delivered by the seller at a certain elevator between certain dates at the option of the purchaser, which contract did not provide for the contingency of the elevator being shut down, had ample time to have complied with his part of the contract while the elevator was running, he cannot be excused from liability for nonperformance of the contract by reason of the closing of the elevator.

3. SALES—*effect of provision allowing purchaser to specify date of delivery.* Where the purchaser of corn, to be delivered at a certain elevator between certain dates at his option, delayed in notifying the seller to deliver the corn, he assumed the risk that the elevator would be capable of taking the corn during the period of the contract.

4. SALES—*effect of inability of specified place of delivery to accept delivery.* Under a contract to deliver corn at a certain elevator between certain dates, the continued ability of the elevator to receive the corn was not a necessary condition to the performance of the contract.

Appeal from the Circuit Court of McLean county; the Hon. ED-WARD BARRY, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded. Opinion filed April 22, 1922.

LIVINGSTON & WHITMORE, for appellant.

FRANK GILLESPIE and COSTIGAN & WOLLRAB, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This is a suit in assumpsit brought upon a written contract entered into between plaintiff and defendant May 6, 1920, as follows: "This agreement between

F. P. Buckles and A. B. Hemenover. Mr. Hemenover to shell and deliver 2600 more or less Bu. yellow Corn to Elevator at Randolph, Illinois, Buckles to pay $2.00 per bu. (cash) on delivery of corn. At Buckles' option any time between this date and July 31, 1920."

The elevator at Randolph was closed down for repairs and grain could not be delivered there from July 7, 1920, until after July 31, 1920, and no corn was delivered under the contract.

Appellee did not notify appellant to deliver the corn. Appellant claims to have been ready, able and willing to deliver it at all times between the making of the contract and July 31, 1920.

A trial before the court without a jury resulted in a finding and judgment in favor of appellee, from which judgment this appeal has been taken.

There was evidence tending to show that after the Randolph elevator was closed down appellant offered to appellee to deliver the corn to appellee at the cars in Randolph.

Appellant requested the court to hold the following among other propositions as the law, which request was denied and the propositions were severally marked refused:

"That the fact that the elevator mentioned in the contract was unable to take grain from and after the 10th day of July, 1920, for the balance of said month because of repairs being made, is no defense to this action."

"That the defendant having delayed in notifying plaintiff to deliver the grain, that then he assumed the risk that the elevator would be capable of taking the grain at any time during the period of the contract."

In *Phelps v. School District*, 302 Ill. 197, it is said: "If the performance of the contract had been legally impossible it would have been unenforcible, but its performance was not legally impossible. When made, the contract was lawful and valid. Its performance was rendered impossible by the subsequent happening

of a contingency which could not be foreseen or known when the contract was made, and the rule is that if one of the parties desires not to be bound in the event of the happening of such a contingency he must so provide in the contract. The general doctrine is well settled that when a party contracts to do a thing without qualification, performance is not excused because by inevitable accident or other contingency not foreseen it becomes impossible for him to do that which he agreed to do. (*Lorillard v. Clyde,* 142 N. Y. 456; *Harmony v. Bingham,* 12 N. Y. 99, 62 Am. Dec. 142; 3 Elliott on Contracts, sec. 1891)."

Under the contract in question, appellee had the right to demand delivery of the corn at any time after May 6, 1920 and before July 31, 1920. The evidence shows that from May 6 to July 7, 1920, appellant was at all times ready, able and willing to make delivery to the Randolph elevator had he been called upon to do so by appellee. He had no right, however, under the contract to make such delivery without a request from appellee.

In *Bacon v. Cobb,* 45 Ill. 47, it was said: "The rule, from the earliest times to the present, is, when a party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident * * * because he might have provided against it by his contract." To the same effect are *Illinois Cent. R. Co. v. Cobb Christy & Co.,* 64 Ill. 128; *Toledo, W. & W. Ry. Co. v. Lockhart,* 71 Ill. 629, and the recent case of *Hood v. Community High School Dist.,* 223 Ill. App. 451.

The contract when made was lawful and valid. Appellee not having provided in his contract for the contingency of the Randolph elevator closing down before July 31, 1920, and having had ample time prior to July 7 to have carried out his contract, cannot be excused from liability for its nonperformance by reason of the closing down of the elevator.

The action of the court in refusing to hold these two propositions as law applicable to the case was erroneous.

Claim is made by appellee that appellant had abandoned the contract prior to July 31, 1920. The great weight of the evidence is that appellant was able, ready and willing at all times to substantially carry out his contract and that he at no time abandoned it.

The trial court evidently held that the continued ability of the elevator to receive the grain was a necessary condition to the performance of the contract and the destruction of its ability in that regard without the fault of either party relieved them from further obligation to perform the contract. With this holding we cannot agree. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*