## Bloomington and Normal Railway and Light Company, Appellee, v. A. E. DeMange, Appellant.

1. PLEADING—*when issue joined by affidavit of defense.* In assumpsit for the purchase price of an electric motor and for interest thereon from a specified date, it is error to render judgment on the declaration and affidavit of claim for the full amount claimed, on the ground that no defense is shown by the affidavit of defense, where the affidavit of defense sets out an alleged copy of the order for the purchase of the motor which states the purchase price to be less than that claimed by plaintiff and contains averments from which it appears that interest must run from a later date than that claimed by plaintiff.

2. SALES—*when time of delivery will be implied to be essential.* A seller of an electric motor will be presumed to have contracted with the buyer's statement of the purpose for which he intended to use the motor in mind and to have agreed to deliver the motor within the time stated in the order where it appears that the buyer's written order states that the motor was to be used for the irrigation of a crop of rice and that delay in delivery beyond the time therein specified might result in loss of the crop for want of water and refers to the negotiations with the seller's salesman in which the buyer was promised delivery within the time specified and the written acceptance recognizes the necessity for delivery by that date, although there is no express provision in the writings making time of the essence.

3. EVIDENCE—*judicial notice of the seasons.* Judicial notice will be taken that delivery of an electric motor on September 18, which was purchased in January preceding for the irrigation of that season's crop of rice, is too late to fulfill the object of the purchase.

4. PLEADING—*sufficiency of affidavit of defense to join issue under claim of set-off.* In assumpsit for the purchase price of an electric motor under a declaration setting up the common counts and an affidavit of claim to which defendant pleads the general issue and set-off and his affidavit of defense claims the right to recoup damages for delay in delivery of the motor against the whole of plain-

tiff's demand, defendant is entitled to have his defense submitted to a jury where the affidavit of defense avers that the motor was bought for the purpose of irrigating a crop of rice and was to be delivered at a specified time and place, that the seller knew the purpose for which the motor was to be used and that loss of the crop might result if delivery was delayed and agreed to make timely delivery, that delivery was greatly delayed and that specified damage resulted to the buyer therefrom.

5. PLEADING—*sufficiency of affidavit of defense to raise issue as to reasonableness of time of performance.* The buyer of an electric motor, sued in assumpsit for the purchase price thereof, is entitled to have submitted to the jury the question whether or not such motor was delivered to him within a reasonable time within the meaning of Cahill's Ill. St. ch. 121a, ¶ 46, binding the seller of goods to be sent to the buyer to send them within a reasonable time when no time is fixed in the contract, where he pleads the general issue and seeks to recoup damages for delay in delivering the motor against the purchase price, and his affidavit of defense sets up facts showing that he bought the motor in January, 1920, for the purpose of irrigating a crop of rice during the season of 1920, and that the motor, which was to have been delivered in May, was not delivered until September of that year.

Appeal by defendant from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed January 17, 1923. Rehearing denied April 3, 1923.

R. C. DeMANGE, for appellant.

LIVINGSTON & WHITMORE, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellee brought suit in assumpsit against appellant in the circuit court of McLean county and filed its declaration, which consisted of the common counts and an affidavit of claim. Appellant filed thereto pleas of the general issue and set-off and filed therewith his affidavit of merits. Appellee thereafter filed its motion for judgment in accordance with its affidavit attached to its declaration on the ground that defendant's affidavit of merits showed no defense,

which motion was by the court allowed, and it was ordered that testimony be taken to ascertain the amount of plaintiff's damages but no testimony was heard. Judgment was rendered for plaintiff for $1,676.13 and costs, from which judgment this appeal has been taken.

Appellee's affidavit of claim averred that plaintiff's claim is for the sale and delivery of an electric motor for which there is due plaintiff, after allowing credits, deductions and set-offs, the purchase price of $1,501.13, with interest from August 1, 1920.

Appellant's plea of set-off set up a claim for damages growing out of an alleged breach of the contract for the sale and delivery of the motor.

Appellant's affidavit of merits was as follows:

"That defendant has a good defense upon the merits to the whole of the demand of the plaintiff. That his defense to the whole of said demand against plaintiff is that he bargained for, ordered and bought said motor directly of the General Electric Company of Schenectady, New York, through its salesman, J. A. Crary, that when the price of the said motor and the time of delivery to affiant freight paid on the cars at St. Louis, Missouri, was agreed upon, affiant, at the request of said J. A. Crary, placed the order with plaintiff as the local Bloomington agent of said General Electric Company, which said plaintiff well knew and understood, and that said plaintiff has no cause of action on its own account against defendant.

"That as requested by the said J. A. Crary, affiant placed with plaintiff as the local agent of said General Electric Company a written order as follows:

'January 26, 1920.

" 'Bloomington & Normal Railway & Light Co., Bloomington, Illinois.

Attention Mr. G. W. Snyder.

" 'Gentlemen:

" ' 'Please enter my order for the following motor: One General Electric Type I, 100 H. P. 900 RPM, 2200 volts, 3 phase, 60 cycles, Form K, constant speed,

·vertical type, induction motor, complete with H-3 type starting compensator.

" 'Net price f. o. b. St. Louis, $1480.00.

" 'Please furnish the National Pump & Well Co., Stuttgart, Arkansas, with dimension print of this motor without delay.

" 'Shipment wanted at Dudley, Missouri, by May 1st, and please keep right after the General Electric Co. and do everything in your power to meet this promise. This motor is to be used to operate a pump at Dudley, Missouri, for the irrigation of a rice crop, and if the delivery is delayed, it might result in the loss of the crop. I therefore urge the necessity of expediting the delivery in every possible way. The agent of the General Electric Co., Mr. J. A. Crary, through whom this order is placed, states that the best delivery he can promise is sixteen weeks from this date, but I hope that that time, with continuous attention on your part, may be considerably shortened.

" 'Ship to U. G. Smith, Dudley, Stoddard County, Missouri, by freight, unless I hereafter direct that it be sent by express. When you get notice of shipment, bill the motor to me at Bloomington, Illinois, thirty days.'

"That plaintiff on the same day acknowledged receipt of said order as follows:

" 'Wish to acknowledge receipt of your letter of January 26th ordering a General Electric 100 horse power motor. Wish to thank you for this order and we have to-day placed this order with the General Electric Company by wire and we will do all in our power to expedite shipment.'

"That neither said General Electric Company nor plaintiff delivered said motor on the cars at St. Louis or at Dudley, Missouri, in sixteen weeks from the date of said order, that said motor was not delivered on the cars at St. Louis until twenty-nine weeks and two days after said date of said order, on, to wit: September 18, 1920, and was not delivered at Dudley until twenty-nine weeks and six days after the date of said order, on, to wit: September 22, 1920. That

affiant verily believes that against both plaintiff and said General Electric Company he has a good defense upon the merits to a portion of the demand set out in plaintiff's declaration and its affidavit of claim; that said defense arises from the failure of plaintiff as local agent of said General Electric Company to deliver said motor in sixteen weeks from the date of said order and the failure of the said General Electric Company and the plaintiff as its agent to deliver said motor in Dudley, Missouri, earlier than September 22, 1920; that said motor as specified in affiant's order was purchased to furnish electric power to pump water for the irrigation of defendant's rice crop of 200 acres planted in the months of April and early May, 1920; that said rice crop was without irrigation from the time it required it, after the middle of May, 1920, up to June 11, 1920. That because of the failure of said General Electric Company and of its agent, the plaintiff, to deliver said motor in sixteen weeks from the date of said order affiant's rice crop was without irrigation until the 11th day of June, 1920, on which date affiant succeeded in renting a 100 horse motor from an adjacent farm, which from said date until the said rice crop was ready to be harvested furnished all of the electric power for pumping water for the irrigation of the said rice crop. That affiant paid for transporting of said rented motor and for labor in installing it on his well and returning it to the said adjacent farm, the sum of $58.28. That he was obliged to and did pay rent for said motor from June 11 to September 1 the sum of $185.00; that the freight rate on electric motors from St. Louis, Missouri to Dudley, Missouri, after the expiration of said sixteen weeks was increased from the sum of $21.13 to $49.91, whereby affiant was compelled to and did pay the sum of $28.78 more freight than he would have been obliged to pay if said motor had been delivered in St. Louis sixteen weeks from the date of said order.

"That because of the failure and neglect of said General Electric Company and plaintiff, its local agent, to deliver said motor in sixteen weeks from the date of said order, affiant's 200 acres of planted rice

in Stoddard County, Missouri, was not supplied with water for irrigation until June 11, 1920, when said rented motor was installed; that because of said lack of irrigation from May 24, 1920 to June 11, 1920, the young rice plants growing on said 200 acres suffered from lack of irrigation, whereby grass and weeds grew up among said rice plants and the young rice plants suffered, turned brown and deteriorated for lack of water, by reason of which the said rice crop on said 200 acres was greatly lessened to the amount as affiant verily believes of 2000 bushels, which 2000 bushels, at the market price of 70c per bushel, caused defendant a direct loss of his half of the said 2000 bushels or the sum of $700.00."

When an affidavit of claim is filed with plaintiff's declaration and no affidavit of merits is filed, or where the averments of defendant's affidavit of merits and set-off are no answer to the plaintiff's claim or any part thereof and the admission of the defendant renders it unnecessary to hear evidence to support plaintiff's claim, the court is authorized under sections 55 and 56 of the Practice Act [Cahill's Ill. St. ch. 110, ¶¶ 55, 56] to enter judgment as in case of default for the amount of the plaintiff's claim, but where the affidavit of merits does not set up a defense to any part of plaintiff's claim, however small, the court cannot upon motion enter judgment as by default for the full amount of plaintiff's claim but only for such portion of the claim as to which there is no dispute whatever, and as to the balance of the claim, however small, it must submit to a jury unless jury be waived.

From an inspection of appellee's affidavit of claim and appellant's affidavit of merits it is evident that while plaintiff's affidavit of claim states the purchase price of the motor to be $1,501.13, by the contract set up in the affidavit of merits the price of the motor is stated to be $1,480, a difference of $21.13. While by the affidavit of claim interest is claimed on $1,501.13 from August 1, 1920, giving to the affidavits of merits

the construction contended for by appellee most favorable to appellee, appellee would only be entitled to interest on $1,480 from October 18, 1920. As to these two items, at least, appellant was entitled to a trial by jury and the court had no right to render judgment therefor without such trial without the consent of appellant.

The most serious question arising upon this record, however, is whether or not under the facts set up in the affidavit of merits appellant was entitled to set-off by way of recoupment damages claimed to have been sustained by reason of a failure to deliver said motor to appellant within sixteen weeks after the date of the giving of the order for said motor, and the solution of this question depends largely upon the construction to be given to the order for the motor set out in the affidavit of merits and appellee's letter of acceptance.

In *Adams v. Gordon*, 265 Ill. 87, it was said: "The object in construing and interpreting an instrument is to ascertain and make it speak the true intention and meaning of the parties at the time it was made, and where any doubt exists as to its sense and meaning, resort may be had to the circumstances surrounding its execution, for the purpose of ascertaining the subject-matter and the standpoint of the parties in relation thereto. Without this knowledge it would be impossible to fully understand the meaning of an instrument or the effect to be given to the words of which it is composed. (*Goodwillie Co. v. Commonwealth Elec. Co.*, 241 Ill. 42.) This knowledge is almost as indispensable as that of the language in which the instrument is written, and a reference to the actual condition of things at the time as they appeared to the parties themselves will often afford the court great help in construing such language and arriving at the true intent and meaning of the agreement they have made."

In section 509, vol. 13, Corpus Juris, it is said: "The main object of the contract, or the purpose which the parties sought to accomplish, is to be considered in ascertaining their intention, and the particular parts of the contract must be so construed as to harmonize with such purpose, if possible."

In appellant's order for the motor his purpose was stated to be the purchase of a motor which was wanted at Dudley, Missouri, May 1 to be used for the irrigation of a rice crop, and it was specifically stated that if shipment was delayed it might result in the loss of the crop, and the parties are therefore presumed to have contracted with this statement of appellant's purpose in mind.

In vol. 13 Corpus Juris, sec. 583, it is said: "Stipulations as to time must be construed in accordance with the intent of the parties as shown by their fair import of the language employed, which in case of ambiguity is to be considered in connection with the subject-matter of the contract and attendant circumstances, together with the practical construction, if any, adopted by the parties."

Courts take judicial notice of the seasons of the year, and the court will take judicial notice that the delivery of a motor on September 18th, purchased in January for the purpose of irrigating that season's crop of rice, will not fulfill the object of the purchase.

An express provision is not necessary in a contract to make time of the essence of the contract, but time will be presumed to be of the essence of the contract where there is something connected with the purpose of the contract and the circumstances surrounding it which makes it apparent that the parties intended that the contract must be performed at and within the time named. Time will be presumed to be of the essence of the contract where it is known by both parties at the time it is entered into that without a strict performance in that respect the contract will not ac-

complish its ultimate object. *Ottumwa Bridge Co. v. Corrigan,* 251 Mo. 667, 158 S. W. 39.

Appellant in the written order for the motor, as set forth in the affidavit of merits, states to appellee that the order is placed with it through one J. A. Crary and that delivery has been promised by him in sixteen weeks from January 26, 1920, and when appellee accepted the order it thereby ratified the acts of the agent through whom the order was procured even though Crary had no previous authority from appellee to make such promise.

When we apply the rules of construction above stated to this contract, we must hold that by the terms of the contract appellee agreed to ship the motor in question to Dudley, Missouri, within sixteen weeks from January 26, 1920, and that time was of the essence of the contract.

If a party to a contract in which time is of the essence fails to perform his contract within the time fixed for its performance and the other party is damaged thereby in a suit brought on the contract for the purchase price, the other party may recover such damages as he may have sustained by reason of the failure of the plaintiff to perform the contract within the time limited. *Hood v. Community High School Dist.,* 223 Ill. App. 451.

Section 43, ch. 121a, Rev. St. Ill. [Cahill's Ill. St. ch. 121a, ¶ 46, subd. 2] provides: "Where by a contract to sell or a sale the seller is bound to send the goods to the buyer, but no time for sending them is fixed, the seller is bound to send them within a reasonable time." Even if it be conceded that by the contract in question no time of delivery was agreed upon, upon the facts stated in appellant's affidavit of merits, under the plea of the general issue which was on file, he had a right to have a jury pass upon the question of whether or not a delay from January 26 to September 18, 1920, in delivering a motor to be used in

irrigating a rice crop during the 1920 season, was a delivery within a reasonable time, and if the jury found it was not a delivery within a reasonable time, to recover by way of recoupment such damages as he had sustained as the proximate result of such delay in delivery not exceeding plaintiff's claim.

For the reasons above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*